

**FILED**

MAR 0 2 2015

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| JUSTIN BIRDHORSE,<br><br>               Plaintiff,<br><br>vs.<br><br>United States of America,<br><br>               Defendant. | 1:15-CV-01018-CBK<br><br><br>ORDER DENYING PETITION FOR WRIT<br>OF CORAM NOBIS |

Petitioner pleaded guilty to sexual abuse of a person incapable of consenting and was sentenced to 276 months custody. The United States Court of Appeals for the Eighth Circuit affirmed. United States v. Birdhorse, 701 F.3d 548 (8th Cir. 2012). Petitioner filed a motion to vacate, set aside, or correct sentence which was denied. Birdhorse v. United States, 2014 WL 1330904 (D.S.D. 2014). He filed a motion in the Eighth Circuit to file a second or successive habeas petition which motion is still under consideration. He has now filed in the district court a petition for a writ of error coram nobis to vacate his conviction and sentence.

Where a statute specifically addresses the particular issue at hand, it is that authority that provides a basis for relief. *See* Carlisle v. United States, 517 U.S. 416, 429, 116 S.Ct. 1460, 1467, 134 L.Ed.2d 613 (1996). The appropriate means to challenge federal court convictions and sentences is 28 U.S.C. § 2255, *see* United States v. Noske, 235 F.3d 405, 406 (8th Cir. 2000), or a writ of coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651, United States v. Camacho-Bordes, 94 F.3d 1168, 1171 n. 2 (8th Cir. 1996).

Both writs are used to challenge a conviction or sentence, the main difference between the two being that coram nobis relief is available when the defendant is no longer in custody for the applicable conviction, while custody is a prerequisite for habeas relief. United States v. Camacho-Bordes, 94 F.3d at 1173, n. 6. Defendant is still in the custody of the Bureau of Prisons serving the sentence he is challenging. He is not entitled to challenge his convictions and sentence through a writ of error coram nobis.

It is clear that defendant seeks relief under 28 U.S.C. § 1651 in order to avoid the requirement in 28 U.S.C. § 2244(b)(3) that he obtain authorization from the Court of Appeals to file a second or successive motion to vacate. *See* United States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002). The United States Court of Appeals for the Eighth Circuit has instructed:

> It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure. Likewise, the certificate requirement under 28 U.S.C. § 2253(c)(1) may not be circumvented through creative pleading.

United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005) (internal citations omitted)

Now, therefore,

IT IS ORDERED that the petition for a writ of coram nobis is denied.

DATED this 24th day of February, 2015.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

2